UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COREY JOHNSON,<br><br>       Petitioner,<br><br>    v.<br><br>CALVIN JOHNSON, et al.<br><br>       Respondents. | Case No. 2:21-cv-00219-GMN-BNW<br><br>**ORDER** |

**I.    Introduction**

   This is a habeas corpus matter under 28 U.S.C. § 2254.  Petitioner Corey Johnson has paid the filing fee.  The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Johnson will need to show cause why the court should not dismiss this action for his failure to exhaust his available state-court remedies.

**II.   Background**

   Johnson's challenge to the validity of his custody arises from credits toward his earlier release.  He absconded from parole multiple times.  He alleges that the parole board ordered the restoration of all credits forfeited because of his absconding, but that the Nevada Department of Corrections did not restore those credits.

### III. Legal Standard

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

### IV. Discussion

Johnson raised these issues in a state habeas corpus petition, Case No. A-20-821716-W. He did not appeal the denial of that petition. ECF No. 1-1 at 13-17.

Instead, Johnson filed a petition for a writ of habeas corpus in the Nevada Supreme Court, invoking that court's original jurisdiction. The Nevada Supreme Court denied the petition, stating that Johnson needed to file a petition in the state district court, and then appeal an adverse ruling. Case No. 82253. ECF No. 1-1 at 18-19.

Johnson then filed another state habeas corpus petition in the state district court, Case No. A-20-824942-W.[1] The state district court denied the petition as successive. The denial currently is on appeal in the Nevada Supreme Court, Case No. 82600.[2]

As of the date of this order, the Nevada Supreme Court has not yet had an opportunity to rule on Johnson's claims. The original-jurisdiction petition that Johnson filed does not count as such an opportunity. "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). The petition appears to be completely unexhausted. Johnson will need to show cause why the court should not dismiss the action.

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=12087114 (report generated April 20, 2021).

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=61087 (report generated April 20, 2021).

**V.      Conclusion**

IT THEREFORE IS ORDERED that the clerk of the court filed the petition for a writ of habeas corpus.

IT FURTHER IS ORDERED that petitioner will have 30 days from the date of entry of this order to show cause why the court should not dismiss this action for petitioner's failure to exhaust his available remedies in the state courts. Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing. No response by the Attorney General is necessary.

DATED: April 20, 2021

_____
GLORIA M. NAVARRO
United States District Judge